IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROLLY O. KINNELL,

                Plaintiff,

        v.                        CASE NO. 09-3057-RDR

CHIEF JUDGE KATHRYN
H. VRATIL, et al.,

                Defendants.

## O R D E R

In an Order dated March 17, 2009, this court denied plaintiff's Motion for Leave to Proceed in forma pauperis based upon his prior designation as a three-strikes litigant, and granted him thirty days in which to submit the $350.00 filing fee. Plaintiff was informed that failure to pay the full filing fee within the time allotted would result in dismissal of this action without prejudice. Plaintiff did not pay the filing fee. Instead, he has filed 11 pleadings and attached exhibits totaling 220 pages.

The court has examined each of the filings submitted by Mr. Kinnell, and finds he has failed to show that § 1915(g) does not apply to this case. Moreover, none of the facts alleged by him suggests that he is in "imminent danger" of serious physical injury[1]. Accordingly, the court concludes this action must be

---

[1] Instead, plaintiff merely continues his practice of filing abusive, repetitive, frivolous, and malicious materials re-arguing claims denied and dismissed in prior civil actions. He also continues to re-argue his habeas corpus claims in this non-habeas action and without having sought Tenth Circuit pre-authorization, which he has been repeatedly advised is improper. Finally, he continues to make conclusory allegations of judicial bias and conspiracies

dismissed.

The only difficult issue presented by Mr. Kinnell's latest filings is whether the undersigned judge must recuse himself from this case.  The question arises because plaintiff filed a pleading entitled "Plaintiff herewith Amends Complaint upon Facts of Clear Homosexual-Racism by Senior Judge" (Doc. 5)[2].  It is apparent that Kinnell intends this single document to be his Amended Complaint adding the undersigned as a defendant, as well as his Motion to Recuse the undersigned judge.

It is questionable that this pleading should be considered as having effectively amended the complaint.  It is not a complete "Amended Complaint" that complies with Rule 15 of the Federal Rules of Civil Procedure, despite plaintiff having been repeatedly advised in other cases that he too must comply with federal and local rules.  It does not include the allegations and information from the original complaint, or even the complete, original caption, but simply has this judge's name added, along with Judge Terrence O'Brien's, in its caption.  The body of this pleading is alleged to be Kinnell's "affidavit," and contains spurious and malicious allegations regarding the undersigned judge and conclusory allegations regarding rulings in Kinnell's cases.

---

among a myriad of officials including Justice Clarence Thomas, all judges of the Tenth Circuit and District of Kansas, other court personnel, certain state courts and judges, Congress, and other State and federal officials.

[2]   While the court liberally construes pro se pleadings, Mr. Kinnell has been repeatedly instructed by various judges on conforming his pleadings and amendments to the federal rules and directed to provide clear, correct captions and titles on his pleadings.  He is not entitled to liberal construction of pleadings, in which he continuously ignores the court's directives.

2

Moreover, it contains no legitimate factual basis for suing the undersigned judge[3].

Even assuming Document 5 served to add the undersigned judge as a defendant, the court finds plaintiff's Motion to Recuse should be denied. The court is fully cognizant that 28 U.S.C. § 455(b)(5)(i) requires a judge to recuse himself from an action to which he is a party. See e.g. Young v. United States, 2009 WL 624076 (10th Cir. Mar. 12, 2009). Nevertheless, the court finds that this case involves exceptional circumstances, which render recusal injudicious. The undersigned judge was not named as defendant in the original complaint, even though two other judges in this district were so named[4]. Thus, at the time this matter was assigned, the undersigned judge was not a party. He was added as a defendant only after plaintiff became aware of that assignment by the filing of the initial and unfavorable screening order herein. In other cases, plaintiff has developed the plain and frequent practice of attempting to name the judge hearing his case as a

---

[3] Instead, plaintiff's claim against the undersigned is based upon vague and conclusory allegations that this judge has engaged in a conspiracy with prison officials, court clerks, other district court judges, a Supreme Court Justice, and the Tenth Circuit Court of Appeals to deny him relief in his cases by application of 28 U.S.C. § 1915(g). As plaintiff has been repeatedly informed, judges are absolutely immune from liability for damages and other relief for acts performed in their judicial capacities and within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Kinnell's bald allegations that this judge is racist and lacked jurisdiction are completely devoid of any factual basis. Kinnell has had an adequate remedy at law available for challenging this judge's decisions, that of an appeal. See Mireles v. Waco, 502 U.S. 9 (1991).

[4] The other district judge to whom pro se cases are normally assigned for initial screening was named as a defendant in the original complaint, and for that reason this case was assigned to the undersigned judge.

defendant[5].  The effect of plaintiff naming the judge hearing his case as a defendant is the obstruction of the orderly processing of this action.

In the body of Document 5, plaintiff notes he is challenging § 1915(g) as unconstitutional in this action, and argues that this judge must recuse himself because he "used 1915(g)" in this case "fraudulently" and without authorization. Plaintiff argues in other pending pleadings that a judge cannot dismiss a civil complaint challenging § 1915(g) as unconstitutional, by applying the three-strikes provisions of § 1915(g).  He also intimates that his complaint is aimed at all judges everywhere who enforce 28 U.S.C. § 1915(g).  Thus, it is quite clear that Mr. Kinnell would simply add as a defendant any other judge assigned to this case, who would undoubtedly require his compliance with § 1915(g).  In fact, in the captions on the last two documents filed by plaintiff (Doc. 13, 14) he has included "All District Court Judges" and "All Tenth Circuit Court Judges."

Given these unusual circumstances, there are sound legal reasons to deny plaintiff's Motion to Recuse.  Many of those reasons were set forth in a recent of opinion by Judge Weinshienk in <u>Akers v. Weinshienk</u>, 2009 WL 1149480 (D.Colo. Apr. 24, 2009). Pertinent excerpts from this well-reasoned and amply-supported opinion follow.

---

[5] Plaintiff has also filed repetitive motions to recuse based upon prior rulings by other judges, and has filed numerous judicial complaints against judges hearing his cases.

4

>Pursuant to § 455, . . . "the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality". . . .

Plaintiff's motion is premised on the fact that the undersigned district judge is a named Defendant in this action. Pursuant to § 455(b)(5)(i), a judge shall disqualify herself when the judge "[i]s a party to the proceeding." However, the United States Court of Appeals for the Tenth Circuit long has held that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." <u>United States v. Grismore</u>, 564 F.2d 929, 933 (10th Cir. 1977)(<u>cert</u>. <u>denied</u>, 435 U.S. 954 (1978)). This rule is consistent with the well-established principle that the recusal rules are meant to be self-enforced by the judge. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 548 (1994). The rule also is consistent with the Tenth Circuit's mandate that "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." <u>United States v. Burger</u>, 964 F.2d 1065, 1070 (10th Cir. 1992)(citing <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir.1987) (per curiam)).

Other courts have explained further the justification for non-mandatory recusal in the situation when the judicial officer has been named as a party. In <u>Tamburro v. City of East Providence</u>, [981 F.2d 1245 (1st Cir. Dec. 18, 1992, Table)(per curiam)], the plaintiff sought recusal of the presiding judge based on his assertion that the judge was an unnamed "John Doe" defendant. The First Circuit held that the plaintiff's allegations were "too nebulous to render [the judge] a 'party' for the purposes of § 455." <u>Id</u>. at *1. However, the opinion went further, stating that:

>recusal would not have been mandatory under § 455(b) even if [the judge] had been a named defendant. In order to guard against "judge-shopping," "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge." <u>Anderson v. Roszkowski</u>, 681 F.Supp. 1284, 1289 (N.D.Ill. 1988),

5

>aff'd, 894 F.2d 1338 (7th Cir. 1990)(table); see also, e.g., United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992)(. . . "It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986)("A judge is not disqualified by a litigant's suit or threatened suit against him"); United States v.. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)(same); see also In re Murphy, 598 F.Supp.2d 121, 124 (D.Me. 2009)(citing Tamburro for the recusal standard in the First Circuit).

A district court decision from the Western District of New York provides additional analysis for why recusal is not mandatory under § 455(b)(5)(i). See Jones v. City of Buffalo, 867 F.Supp. 1155 (W.D.N.Y. 1994). In Jones, the judge had entered an unfavorable decision against the plaintiff. The plaintiff apparently decided that this unfavorable decision indicated the judge "too was part of the elaborate 'conspiracy' that he has alleged" and desired to add the judge to the complaint. Id. at 1163. Concurrent with this request, the plaintiff moved for recusal of the judge under § 455. The judge denied the recusal request, reasoning as follows:

>In my view, this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit. . . . [Section 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this. . . . Otherwise, § 455 could be used as a vehicle to engage in judge-shopping, and to "manipulate the identity of the decision maker." To let such a motion succeed absent a legally sufficient basis would allow any

6

>     litigant to thwart the legal process by
>     merely filing a complaint against the
>     judge hearing the case. . . .
>
> Id.
>
> Finally, Nottingham v. Acting Judges of Dist. Court, No. 1:06-CV-115-DFHVSS, 2006 WL 1042761 (S.D.Ind. Mar. 24, 2006), is similar to the situation often encountered in the pro se context, in which a judge is sued based on orders entered in a prior case. The plaintiff in Nottingham sued all judges in the district, which included the judge handling the case. Judge Hamilton found "[t]he nearly incoherent complaint shows clearly only that [the plaintiff] is frustrated by the results of other lawsuits and encounters with the state and federal courts." Id. at *1. The order continues:
>
>> The complaint follows a pattern that is, unfortunately, not rare. A party who is frustrated with the legal system launches an endless series of unsuccessful lawsuits. Each succeeding lawsuit complains about the result of the prior ones and names as defendants anyone who was involved in any way with the prior lawsuits, including the lawyers and the judges. . . . Judges need not indulge this pattern by automatically disqualifying themselves every time their names appear in a case caption or a complaint. Id.
>
> Nottingham discussed and agreed with the reasoning in Jones and Grismore in denying the motion to recuse.

Id. This court agrees with the above reasoning and applies it to the circumstances of this case.

The court finds that plaintiff's Motion to Recuse (Doc. 5) is made difficult by his questionable amendment to add the undersigned judge as defendant following an unfavorable ruling, and that neither the amendment nor the motion is made in good faith. The motion is mainly based upon vague and conclusory grounds that

are completely inadequate.  It is well-settled that a plaintiff's disagreement with the court's prior rulings is not a proper basis for recusal[6].  Furthermore, plaintiff's suggestion that neither the undersigned nor any other judge may hear his case that will apply § 1915(g), is utterly frivolous.  Section 1915(g) is a federal law district court judges are bound to apply, and its validity has been upheld despite numerous constitutional challenges.  Plaintiff may not "oust" the judge hearing his case by simply adding the judge's name to the case caption and filing a conclusory affidavit of prejudice based mainly on judicial rulings.  The court thus concludes that its impartiality in this action would not reasonably be questioned based upon plaintiff's allegations, and therefore plaintiff's Motion to Recuse must be denied.  The court emphasizes that this case involves exceptional circumstances, and that under normal circumstances the undersigned judge would recuse himself from a case in which he is properly named a party.

The court notes that plaintiff's challenges to § 1915(g) are the underlying basis for this complaint alleging civil rights violations.  Since these challenges suggest no imminent danger of physical harm, the court properly held that plaintiff may not proceed on these challenges unless he pays the full filing fee in advance.  The court further finds that the merits of plaintiff's challenges to § 1915(g) are irrelevant to a determination whether

---

[6] The fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice.  U.S. v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977), cert. denied, 434 U.S. 1012 (1978); U.S. v. Goeltz, 513 F.2d 193, 198 (10th Cir. 1975), cert. denied, 423 U.S. 830 (1975).

8

this action may be dismissed for failure to pay the filing fee. See Bishop v. Sargent Dischner, 16 Fed.Appx. 891, ** 2 (10th Cir. 2001), cert. denied, 534 U.S. 1086 (2002). None of the materials filed by plaintiff bears upon his statutory obligation to pay the full district court filing fee.

Plaintiff's challenges to § 1915(g) are also considered as his objections to the court's denial of his motion to Proceed without prepayment of fees. The court finds that plaintiff's challenges to § 1915(g) have either been previously rejected or are completely frivolous. See e.g., White v. State of Colorado, 157 F.3d 1226 (10th Cir. 1998); Kinnell v. Clinton, 2009 WL 950980 (D.Kan., Apr. 7, 2009). Among the frivolous are his repetitive assertions that § 1915(g) amounts to a bill of attainder. See Nixon v. Administrator of General Services, 433 U.S. 425, 468-69, 471 FN32 (1977).[7] In addition, § 1915(g) is not ex post facto, tyrannical legislation directed at a suspect class, or based upon an irrational or impermissible classification. Section 1915(g) is not targeted at all pro se prisoner litigants, as plaintiff asserts. The vast majority of pro se prisoner litigants continues to enjoy the privilege of proceeding without prepayment of fees. Rather, § 1915(g) is expressly aimed only at a small subset of pro

---

[7] In Nixon, the Supreme Court explained that a "Bill of Attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial" which "surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of Congress . . . that legislatively burdens some persons or groups but not all other plausible individuals." The Court further explained that the "fact that harm is inflicted by governmental authority does not make it punishment." Id. Clearly, application of § 1915(g) to the applicable group does not amount to punishment without trial.

9

se prisoner litigants, starkly represented by Mr. Kinnell, who have repeatedly abused judicial process and therefore forfeited the privilege to proceed without prepaying the full filing fee.

Furthermore, the court certifies that any appeal of this order filed by Mr. Kinnell that is submitted without prepayment of the full appellate filing fee is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied, without prejudice, due to plaintiff's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that all plaintiff's pending motions (Docs. 5, 7, 9, 10, 12, 13, and 14) are denied as moot, and his Motion to Recuse the Undersigned Judge (Doc. 5) is denied.

**IT IS SO ORDERED.**

**DATED:  This 14th day of May, 2009, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**